UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
AMERICAN TOWER MANAGEMENT, LLC,

                         Plaintiff,

-against-

TRINITY BROADCASTING OF NEW YORK, INC.
and TRINITY BROADCASTING NETWORK, INC.,

                         Defendants.
-------------------------------------------------------------------X

Civil Action No.: 09 CIV 7586

NOTICE OF REMOVAL
OF ACTION UNDER
28 U.S.C. § 1441(b)

JUDGE SULLIVAN



RECEIVED SEP 01 2009 U.S.D.C. S.D.N.Y. CASHIERS

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

    **PLEASE TAKE NOTICE** that Defendant, TRINITY BROADCASTING NETWORK, INC., a California Corporation ("Defendant") hereby removes to this Court the state court action described below.

    1. By Complaint dated August 7, 2009, an action was commenced in the Supreme Court of the State of New York, County of New York, entitled *AMERICAN TOWER MANAGEMENT, LLC v. TRINITY BROADCASTING OF NEW YORK, INC. and TRINITY BROADCASTING NETWORK, INC.*, and assigned Index No. 09/110100. A true and correct copy of said Complaint is attached hereto as Exhibit "A" and incorporated herein by reference.

    2. Defendant has not been served with a copy of the Summons and Complaint issued from the state court, and the filing of this notice is, therefore, timely. To the best of Defendant's knowledge, service of process on Defendant Trinity Broadcasting of New York, Inc. has not been effected as of the date hereof. In that no other defendant in the state action has been served, consent of all named defendants is not required. The factual allegations of the Complaint allege Defendant's liability is based on a purported guaranty of a lease which was allegedly breached.

1

Defendant believes the claims asserted against the non-resident Defendant are separable and that removal is proper.

3. The action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action between corporations of different states and the matter in controversy exceeds $75,000.00, exclusive of interest and costs as set forth in Paragraphs 10, 16, 26, and 31 of said Complaint.

4. Complete diversity of citizenship exists in that at the commencement of the action and on the date hereof Plaintiff, AMERICAN TOWER MANAGEMENT, LLC ("Plaintiff") is a corporation incorporated under the laws of the state of Delaware with its principal place of business in Massachusetts, as set forth in Paragraph 1 of said Complaint. Defendant was at the commencement of this action and is on the date hereof a corporation incorporated under the laws of the state of California with its principal place of business in California, as set forth in Paragraph 3 of the Complaint.

**WHEREFORE**, Defendant Trinity Broadcasting Network, Inc. respectfully requests that this action be removed.

Dated: Islandia, New York
August 31, 2009

BRACKEN & MARGOLIN, LLP

_____
Linda U. Margolin, Esq. (LM-6621)
Jeffrey D. Powell (JP-2564)
*Attorneys for Defendant*
*Trinity Broadcasting Network, Inc.*
One Suffolk Square, Suite 300
1601 Veterans Memorial Highway
Islandia, New York 11749-1543
(631) 234-8585

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| AMERICAN TOWER MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> TRINITY BROADCASTING OF NEW YORK, INC. and TRINITY BROADCASTING NETWORK, INC., <br><br> Defendants. | Index No: 09/110100 <br><br> <u>AMENDED VERIFIED COMPLAINT</u> |

Plaintiff, American Tower Management, LLC, successor in interest to Five States Tower Company, Inc. ("American Tower" or "Plaintiff"), by way of Amended Verified Complaint against the defendants, Trinity Broadcasting of New York, Inc. ("Trinity New York") and Trinity Broadcasting Network, Inc. ("Trinity Broadcasting") (collectively "Defendants"), by its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, says:

### THE PARTIES

1. American Tower is a corporation organized under the laws of the State of Delaware, has its principal place of business located at 116 Huntington Avenue, Boston, Massachusetts 02116, and is authorized to transact business in New York. American Tower is the successor in interest to Five States Tower Company, Inc. ("Five States").

2. Upon information and belief, Trinity New York is a corporation organized under the laws of the State of Delaware and has its principal place of business located at 11 Merritt Boulevard, Fishkill, New York 12524.

3. Upon information and belief, Trinity Broadcasting is a corporation organized under the laws of the State of California and has its principal place of business located at 2442 Michelle Drive, Tustin, California 92780.

## FACTS COMMON TO ALL COUNTS

4. On July 14, 1982, Five States and Trinity New York entered into a Lease Agreement ("Lease") pursuant to which Trinity New York agreed to lease floor space in Plaintiff's transmitter building and tower space located on its antenna tower in order to conduct its broadcasting operations. The leased property is located at 1040 Reservoir Road, Highland, New York 12528 ("Site" or "Property").

5. The term of the Lease is thirty (30) years commencing on July 12, 1982 and expiring on July 11, 2012, without any right of early termination by the lessee.

6. Section 4 of the Lease provides that Trinity New York shall pay to Plaintiff annual rent in the amount of $35,000.00. The Lease further provides that commencing one year following the commencement date (or July 12, 1983) and for each year thereafter, the annual base rent shall be the greater of (1) $35,000.00 and (2) an amount equal to $35,000.00 multiplied by a fraction, the numerator of which is the Consumer Price Index for the most recent month prior to such year that has been published and the denominator of which is the Consumer Price Index for the month in which the lease term commences. Notwithstanding the foregoing, the annual rent under the Lease during any year of its term shall not be less than the annual rent of the prior year.

7. The Lease provides that throughout the term of the Lease, Trinity New York is responsible for, among other things, payment of the rental amounts set forth in section 4 of the

2

Lease as well as fifty percent (50%) of the costs of all repairs and maintenance to the Site and fifty percent (50%) of all taxes and assessments payable on the Property pursuant to sections 6 and 19 of the Lease.

8. By Guaranty dated July 14, 1982 ("Guaranty"), Trinity Broadcasting guaranteed payment of rent and the performance of all other obligations under the Lease.

9. American Tower performed in good faith all of its obligations under the Lease.

10. However, Trinity New York and Trinity Broadcasting have breached the Lease and Guaranty by failing to remit payment of the sums due and owing to American Tower. Defendants are jointly and severally liable for all payments and other obligations under the Lease for the entirety of its term. Accordingly, the sum of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, are due and owing from Defendants to American Tower.

11. Plaintiff provided multiple written notices to Defendants of their default of the Lease, but despite repeated demands for payment, Defendants have inexplicably, in bad faith and willfully refused to make payment to Plaintiff.

## AS AND FOR THE FIRST CAUSE OF ACTION
(Breach of Contract)

12. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 as if set forth at length herein.

13. Plaintiff performed all of its obligations under its valid, binding and enforceable Lease with Trinity New York.

14. However, Defendants breached their obligations under the Lease and Guaranty by failing to pay Plaintiff the sums due and owing thereunder.

15. Plaintiff notified Defendants of their breach of the Lease and Guaranty, but Defendants have failed and refused to remedy said breach, and have since abandoned the Property.

16. Defendants are jointly and severally liable for all payments and other obligations under the Lease for the entirety of its term. Accordingly, the sum of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, are due and owing from Defendants to American Tower.

### AS AND FOR THE SECOND CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

17. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16 as if set forth at length herein.

18. Implied in every contract is the covenant of good faith and fair dealing.

19. Defendants unlawfully and in bad faith destroyed Plaintiff's economic expectations under the Lease and Guaranty by willfully failing and refusing to make payment thereunder to Plaintiff.

### AS AND FOR THE THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

20. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 as if set forth at length herein.

21. Defendants, by failing and refusing to pay the monies due and owing to Plaintiff

but benefiting from conducting their operations from the Site, have been unjustly enriched to Plaintiff's detriment.

## AS AND FOR THE FOURTH CAUSE OF ACTION
(Promissory Estoppel)

22. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 as if set forth at length herein.

23. In entering into the Lease, Defendants promised and agreed to make payment of all amounts due and owing thereunder.

24. In reliance upon Defendants' representations and promises in that regard, Plaintiff entered into the Lease and performed all of its obligations thereunder.

25. Despite Defendants' promise to pay the full agreed-upon consideration under the Lease, they have failed and/or refused to make full payment to Plaintiff.

26. Defendants are jointly and severally liable for all payments and other obligations under the Lease and Guaranty for the entirety of their term. Accordingly, the sum of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, is due and owing from Defendants to American Tower.

## AS AND FOR THE FIFTH CAUSE OF ACTION
(Declaratory Judgment)

27. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26 as if set forth at length herein.

28. Plaintiff performed all of its obligations under its valid, binding and enforceable Lease with Trinity New York.

5

29. However, Defendants breached their obligations under the Lease and Guaranty by failing to pay Plaintiff the sums due and owing thereunder.

30. Upon information and belief, Defendant has abandoned the Site in violation of the Lease.

31. Defendants are jointly and severally liable for all payments and other obligations under the Lease and Guaranty for the entirety of their term. Accordingly, the sum of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, are due and owing from Defendants to American Tower.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the First Cause of Action, Second Cause of Action, Third Cause of Action and Fourth Cause of Action in the amount of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, plus pre- and post-Judgment interest, costs, disbursements, attorney's fees and such further relief as the Court may deem just and equitable, the exact amount to be proved at trial. Plaintiff further demands judgment against Defendants, jointly and severally, in the Fifth Cause of Action declaring that Defendants are responsible to perform and fulfill all of their duties and obligations, financial or otherwise, under the Lease and Guaranty for the entirety of their term, plus an award to Plaintiff of pre- and post-Judgment interest, costs, disbursements, attorney's fees and such further relief as the Court may deem just and equitable, the exact amount to be proved at trial.

Dated: August 7, 2009	By:	*[signature]*
    New York, N.Y.		WILLIAM N. AUMENTA, ESQ.
		McElroy, Deutsch, Mulvaney & Carpenter, LLP
		*Attorneys for Plaintiff*
		Wall Street Plaza
		88 Pine Street
		24th Floor
		New York, N.Y. 10005
		(212) 483-9490

		-and-

		1300 Mt. Kemble Avenue
		P.O. Box 2075
		Morristown, N.J. 07962
		(973) 993-8100

## VERIFICATION

I, WILLIAM N. AUMENTA, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following under the penalties of perjury:

1. I am an attorney at the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for the plaintiff in the above-captioned action. I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

2. I further state that the source of the foregoing information and the grounds of belief as to all matters therein not stated upon my knowledge are conversations had with the plaintiff's representative and review of documents and information relating to this matter.

3. I further state that the reason why this verification is made by me and not by the plaintiff is that the plaintiff is not located in the County where affirmant has his office.

Dated: August 7, 2009

_____
WILLIAM N. AUMENTA, ESQ.

| Index No. CV | Year | RJI No. | Hon. |

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

AMERICAN TOWER MANAGEMENT, LLC,     Plaintiff

-against-

TRINITY BROADCASTING OF NEW YORK, INC
And TRINITY BROADCASTING NETWORK, INC,

                                    Defendants.

## Notice of Removal
### of Action Under 28 U.S.C. § 1441(b)

**BRACKEN & MARGOLIN, LLP**
*Attorneys for* Defendant Trinity Broadcasting Network, Inc.
*Office and Post Office Address, Telephone*
ONE SUFFOLK SQUARE — SUITE 300
ISLANDIA, NEW YORK 11749
631—234-8585

To                                  Signature (Rule 130-1.1-a)

                                    ........................................................
                                    Print name beneath

Attorney(s) for

Service of a copy of the within                          is hereby admitted.

Dated,

                                    ........................................................
                                    Attorney(s) for

Please take notice
☐ **NOTICE OF ENTRY**
that the within is a *(certified)* true copy of a
duly entered in the office of the clerk of the within named court on
☐ **NOTICE OF SETTLEMENT**
that an order                of which the within is a true copy will be presented for
settlement to the HON.                                        one of the judges
of the within named court, at
on                        at              M

Dated,
                                             Yours, etc.

                                    **BRACKEN & MARGOLIN, LLP**
                                    *Attorneys for*
To
                                    *Office and Post Office Address*
                                    ONE SUFFOLK SQUARE — SUITE 300
Attorney(s) for                     ISLANDIA, NEW YORK 11749