## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **AMERICAN TOWER MANAGEMENT, LLC**, | CIVIL ACTION NO. 09CV7586 |
| Plaintiff, | Hon. Richard J. Sullivan, U.S.D.J. Hon. James C. Francis, IV, U.S.M.J. |
| -against- | Motion Return Date: October 21, 2009 |
| **TRINITY BROADCASTING OF NEW YORK, INC. and TRINITY BROADCASTING NETWORK, INC..** | **CERTIFICATION OF WILLIAM N. AUMENTA, ESQ.** (Document filed electronically) |

I, WILLIAM N. AUMENTA, ESQ., of full age, do hereby certify and state:

1.      I am an attorney-at-law admitted to practice law in the States of New Jersey and New York as well as in the United States District Court for the Southern District of New York. I am employed by the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for the plaintiff, American Tower Management, LLC ("Plaintiff"), in the above-captioned action.  I am fully familiar with the facts set forth herein and make this Certification in support of Plaintiff's Motion for Remand Pursuant to 28 U.S.C. 1447(c).

2.      On or about September 1, 2009, this action was improperly removed from the Supreme Court of New York, New York County, where it was initially instituted by Plaintiff against defendants, Trinity Broadcasting of New York, Inc. ("Trinity New York") and Trinity Broadcasting Network, Inc. ("Trinity Broadcasting") (collectively "Defendants"), bearing Index No. 09/110100 ("State Court Action).  This dispute arises out of the parties' Lease Agreement dated July 14, 1982 ("Lease"), pursuant to which Trinity New York agreed to lease floor space in Plaintiff's transmitter building and tower space located on its antenna tower in order to conduct

its broadcasting operations.  By Guaranty dated July 14, 1982, Trinity Broadcasting guaranteed payment of rent and the performance of all other obligations under the Lease.  Defendants have breached their obligations under the Lease and Guaranty and, accordingly, owe the sum of $356,234.43 to Plaintiff.

3.      On July 16, 2009, the Complaint in the State Court Action was filed against Defendants.  The Complaint was served on Trinity Broadcasting and Trinity New York on July 28, 2009 and July 29, 2009, respectively.  A true and correct copy of the Complaint and Affidavits of Service are annexed hereto as **Exhibit A**.  Accordingly, if removal was to occur, it had to have been filed within thirty (30) days of service of the initial pleading (the Complaint), or by no later than August 27, 2009.

4.      On August 26, 2009, an Amended Complaint was filed in the State Court Action.  A true and correct copy of the Amended Complaint is annexed hereto as **Exhibit B**.  The Amended Complaint did not add any additional parties, but only clarified the measure of damages and included a new cause of action for declaratory relief.

5.      Defendants' General Counsel, John B. Casoria, Esq., accepted service of the Amended Complaint by e-mail on behalf of both Defendants. A true and correct copy of e-mail correspondence from John Casoria, Esq. to William Aumenta, Esq. dated August 10, 2009 is annexed hereto as **Exhibit C**.

6.      On or about September 1, 2009, Trinity Broadcasting filed an untimely Notice of Removal pursuant to 28 U.S.C. 1441(b).  In its application, the defendant relied upon the Amended Complaint (not the original Complaint) and erroneously stated that, "[t]o the best of Defendant's knowledge, service of process on Defendant Trinity Broadcasting of New York, Inc. has not been effected as of the date hereof." See, Notice of Removal, ¶ 2.

7.     By e-mail dated September 22, 2009, I forwarded the Affidavits of Service to defense counsel in order to demonstrate that both Defendants were served with the Complaint in late-July. A true and correct copy of e-mail correspondence from William Aumenta, Esq. to Linda Margolin, Esq. dated September 22, 2009 is annexed hereto as **Exhibit D**. Accordingly, I requested Defendants' consent to remand without formal motion practice.

8.     No response to the email has been received. A request for pre-motion conference and this motion followed.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

WILLIAM N. AUMENTA, ESQ.

Dated: September 30, 2009

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

AMERICAN TOWER MANAGEMENT, INC.,

                Plaintiff,

-against-

TRINITY BROADCASTING OF NEW YORK, INC. and TRINITY BROADCASTING NETWORK, INC.,

                Defendants.

---

Index No:

**VERIFIED COMPLAINT**

NEW YORK
COUNTY CLERK'S OFFICE

JUL 16 2009

NOT COMPARED
WITH COPY FILED

Plaintiff, American Tower Management, Inc., successor in interest to Five States Tower Company, Inc. ("American Tower" or "Plaintiff"), by way of Verified Complaint against the defendants, Trinity Broadcasting of New York, Inc. ("Trinity New York") and Trinity Broadcasting Network, Inc. ("Trinity Broadcasting") (collectively "Defendants"), by its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, says:

## THE PARTIES

1.    American Tower is a corporation organized under the laws of the State of Delaware, has its principal place of business located at 116 Huntington Avenue, Boston, Massachusetts 02116, and is authorized to transact business in New York. American Tower is the successor in interest to Five States Tower Company, Inc. ("Five States").

2.    Upon information and belief, Trinity New York is a corporation organized under the laws of the State of Delaware and has its principal place of business located at 11 Merritt Boulevard, Fishkill, New York 12524.

3.     Upon information and belief, Trinity Broadcasting is a corporation organized under the laws of the State of California and has its principal place of business located at 2442 Michelle Drive, Tustin, California 92780.

**FACTS COMMON TO ALL COUNTS**

4.     On July 14, 1982, Five States and Trinity New York entered into a Lease Agreement ("Lease") pursuant to which Trinity New York agreed to lease floor space in Plaintiff's transmitter building and tower space located on its antenna tower in order to conduct its broadcasting operations. The leased property is located at 1040 Reservoir Road, Highland, New York 12528 ("Site" or "Property").

5.     The term of the Lease is thirty (30) years commencing on July 12, 1982 and expiring on July 11, 2012, without any right of early termination by the lessee.

6.     Section 4 of the Lease provides that Trinity New York shall pay to Plaintiff annual rent in the amount of $35,000.00. The Lease further provides that commencing one year following the commencement date (or July 12, 1983) and for each year thereafter, the annual base rent shall be the greater of (1) $35,000.00 and (2) an amount equal to $35,000.00 multiplied by a fraction, the numerator of which is the Consumer Price Index for the most recent month prior to such year that has been published and the denominator of which is the Consumer Price Index for the month in which the lease term commences. Notwithstanding the foregoing, the annual rent under the Lease during any year of its term shall not be less than the annual rent of the prior year.

7.     The Lease provides that throughout the term of the Lease, Trinity New York is responsible for, among other things, payment of the rental amounts set forth in section 4 of the

2

Lease as well as fifty percent (50%) of the costs of all repairs and maintenance to the Site and fifty percent (50%) of all taxes and assessments payable on the Property pursuant to sections 6 and 19 of the Lease.

8.    By Guaranty dated July 14, 1982 ("Guaranty"), Trinity Broadcasting guaranteed payment of rent and the performance of all other obligations under the Lease.

9.    American Tower performed in good faith all of its obligations under the Lease.

10.    However, Trinity New York and Trinity Broadcasting have breached the Lease and Guaranty by failing to remit payment of the sums due and owing to American Tower. As of the filing of this action, the sum of at least $116,628.78 is due and owing from Defendants to American Tower.

11.    Plaintiff provided multiple written notices to Defendants of their default of the Lease, but despite repeated demands for payment, Defendants have inexplicably, in bad faith and willfully refused to make payment to Plaintiff.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Breach of Contract)

12.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 as if set forth at length herein.

13.    Plaintiff performed all of its obligations under its valid, binding and enforceable Lease with Trinity New York.

14.    However, Defendants breached their obligations under the Lease and Guaranty by failing to pay Plaintiff the sums due and owing thereunder.

15.    Plaintiff notified Defendants of their breach of the Lease and Guaranty, but

3

Defendants have failed and refused to remedy said breach.

16.    As a result, there is currently due and owing to Plaintiff the sum of $116,628.78, which damages continue to accrue.

### AS AND FOR THE SECOND CAUSE OF ACTION
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

17.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16 as if set forth at length herein.

18.    Implied in every contract is the covenant of good faith and fair dealing.

19.    Defendants unlawfully and in bad faith destroyed Plaintiff's economic expectations under the Lease and Guaranty by willfully failing and refusing to make payment thereunder to Plaintiff.

### AS AND FOR THE THIRD CAUSE OF ACTION
**(Unjust Enrichment)**

20.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 as if set forth at length herein.

21.    Defendants, by failing and refusing to pay the monies due and owing to Plaintiff but benefiting from conducting their operations from the Site, have been unjustly enriched in the amount of at least $116,628.78, which damages continue to accrue.

### AS AND FOR THE FOURTH CAUSE OF ACTION
**(Promissory Estoppel)**

22.    Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 as if set forth at length herein.

23.    In entering into the Lease, Defendants promised and agreed to make payment of

4

all amounts due and owing thereunder.

24.     In reliance upon Defendants' representations and promises in that regard, Plaintiff entered into the Lease and performed all of its obligations thereunder.

25.     Despite Defendants' promise to pay the full agreed-upon consideration under the Lease, they have failed and/or refused to make full payment to Plaintiff.

26.     As a result, there is currently due and owing to Plaintiff the sum of $116,628.78, which damages continue to accrue.

WHEREFORE, Plaintiff demand judgment against Defendants, jointly and severally, in the First Cause of Action, Second Cause of Action, Third Cause of Action and Fourth Cause of Action in the amount of $116,628.78 plus pre- and post-Judgment interest, costs, disbursements, attorney's fees and such further relief as the Court may deem just and equitable, the exact amount to be proved at trial.

Dated: June 30, 2009          By:
      New York, N.Y.

                                WILLIAM N. AUMENTA, ESQ.
                                **McElroy, Deutsch, Mulvaney & Carpenter, LLP**
                                *Attorneys for Plaintiff*
                                Wall Street Plaza
                                88 Pine Street
                                24th Floor
                                New York, N.Y. 10005
                                (212) 483-9490

                                    -and-

                                1300 Mt. Kemble Avenue
                                P.O. Box 2075
                                Morristown, N.J.  07962
                                (973) 993-8100

## VERIFICATION

I, WILLIAM N. AUMENTA, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following under the penalties of perjury:

1.     I am an attorney at the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for the plaintiff in the above-captioned action.  I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

2.     I further state that the source of the foregoing information and the grounds of belief as to all matters therein not stated upon my knowledge are conversations had with the plaintiff's representative and review of documents and information relating to this matter.

3.     I further state that the reason why this verification is made by me and not by the plaintiff is that the plaintiff is not located in the County where affirmant has his office.


Dated: June 30, 2009

WILLIAM N. AUMENTA, ESQ.

6



_Supreme_ COURT OF THE ST. ~ CITY OF NEW YORK
COUNTY OF: __NEW YORK__ ATTORNEY: __WILLIAM N AUMENTA, ESQ__

| AMERICAN TOWER MANAGEMENT INC | Petitioner(s) | AFFIDAVIT |
| - against - | Plaintiff(s) | OF SERVICE |
| TRINITY BROADCASTING OF NEW YORK, INC., ET AL | Respondent(s) | INDEX# |
| | Defendant(s) | 09 110100 |

STATE OF: _CALIFORNIA_ - COUNTY OF: _ORANGE_ ss:

I, _CARLOS LANGREN_ being duly sworn deposes and says deponent is not a party to this action, is over the age of 18 and resides in _ORANGE County_
That on date/time: _7/28/09_ _1:21P_ at _2442 MICHELLE DR  TUSTIN CA 92782_
deponent served the within: __SUMMONS, VERIFIED COMPLAINT__
[ ] Summons, Spanish summons & complaint, the language required by NRCRR 2900.2(e), (f) & (h) was set forth on the face of the summons(es)

On: __TRINITY BROADCASTING NETWORK, INC.__

[☒] Defendant  [ ] Respondent  [ ] Witness (hereinafter called the recipient) therein named.

**INDIVIDUAL**
A [ ]
By personally delivering to and leaving with said __TRINITY BROADCASTING NETWORK, INC__
and that he knew the person so served to be the person mention and described in said __SUMMONS, VERIFIED COMPLAINT__

**CORPORATION**
B [☒]
By delivering to and leaving with _LADEAN GRAY_
at _2442 MICHELLE DR TUSTIN, CA 92780_
and that he knew the person so served to be the _AUTHORIZED PERSON_ of the corporation.

**SUITABLE AGE PERSON**
C [ ]
Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:
By delivering a true copy thereof to and leaving with _____
a person of suitable age and discretion at _____
the said premises being the recipient's [ ] Dwelling/Usual place of abode [ ] Actual place of business within the State of New York.

**AFFIXING TO DOOR, ETC.**
D [ ]
By affixing a true copy thereof to the door of said premises, the same being the recipient's
[ ] Dwelling/Usual place of abode [ ] Actual place of business within the State of New York. Deponent had previously attempted to serve
the above named recipient on/at:  1. _____  2. _____  3. _____
Deponent spoke with _____ who stated to deponent that the said recipient(s)
lived at the aforementioned address, but did not know recipient's place of employment.

**MAILING TO RESIDENCE**
E1 [ ]
Use with C or D
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient
to recipient's last known residence at _____
and deposited said envelope in an official repository under the exclusive care and custody of the US Postal Service.
within New York State on _____

**MAILING TO BUSINESS**
E2 [ ]
Use with C or D
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient
to recipient's actual place of business at _____
in an official repository under the exclusive care an custody of the US Postal Service within New York State. The envelope bore the
legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication
was from an attorney or concerned an action against the recipient and mailed on _____

F [X]
DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS.
DESCRIPTION OF THE RECIPIENT OR OTHER PERSON SERVED OR SPOKEN TO ON BEHALF OF THE RECIPIENT IS AS:

**VOID WITHOUT DESCRIPTION**
Use with A,B,C,D

| [ ] Male | [☒] White Skin | [ ] Black Hair | [☒] White Hair | [ ] 14 - 20 Yrs. | [ ] Under 5' | [ ] Under 100 Lbs. |
| [☒] Female | [ ] Black Skin | [ ] Brown Hair | [ ] Balding | [ ] 21 - 35 Yrs. | [ ] 5'0" - 5'3" | [☒] 100 - 130 Lbs. |
| | [ ] Yellow Skin | [ ] Blonde Hair | [ ] Moustache | [ ] 36 - 50 Yrs. | [ ] 5'4" - 5'8" | [ ] 131 - 160 Lbs. |
| | [ ] Brown Skin | [ ] Gray Hair | [ ] Beard | [ ] 51 - 65 Yrs. | [ ] 5'9" - 6'0" | [ ] 161 - 200 Lbs. |
| | [ ] Red Skin | [ ] Red Hair | [ ] Glasses | [☒] Over 65 Yrs. | [ ] Over 6' | [ ] Over 200 Lbs. |

Other identifying features: _SITTING DOWN_

**WITNESS FEE**
G [ ]
Witness fee of $0  the authorizing traveling expenses and one day's witness fee:
[ ] was paid (tendered) to the recipient  [ ] was mailed to the witness with subpoena copy.

**MILITARY SERVICE**
[X]
I asked the person spoken to whether defendant was in active military service of the United States or of the state of New York in any
capacity whatsoever and received a negative reply. Defendant wore civilian clothes and no military uniform. The source of my
information and the grounds of my belief are the conversations and observations above narrated.

Subscribed and Sworn to me this

_29th_ day of _July_ , 2009,

Notary Signature: _____

_SHERRY M. DONALDSON_   _Oct 8, 2009_
Name of Notary       Commission Expiration

I, _CARLOS LANGLON_
was at the time of service a competent adult
not having a direct interest in the litigation.
I declare under penalty of perjury that the
foregoing is true and correct.

_____   _7/29/09_
Signature of Process Server   Date

SHERRY M. DONALDSON
Commission # 1605653
Notary Public - California
Orange County
My Comm. Expires Oct 8, 2009

ZC

SUPREME  COURT OF THE STATE/CITY OF NEW YORK
COUNTY OF: NEW YORK  ATTORNEY: WILLIAM N. AUMENTA, ESQ.

2 0 0 9 0 7 2 4 1 7 2 8 4 7

| AMERICAN TOWER MANAGEMENT, INC. | Petitioner(s) | AFFIDAVIT |
|---|---|---|
| - against - | Plaintiff(s) | OF SERVICE |
| TRINITY BROADCASTING OF NEW YORK, INC., ET AL | Respondent(s) | |
| | Defendant(s) | INDEX# |
| | | 09 110100 |

STATE OF: NEW JERSEY - COUNTY OF: UNION ss:

I, MALGORZATA SLADEK, being duly sworn deposes and says deponent is not a party to this action, is over the age of 18 and resides in ___NY___
That on date/time: 07/29/2009  05:18PM , at 111 EAST 15TH STREET  NEW YORK NY  100##
deponent served the within: SUMMONS, VERIFIED COMPLAINT, VERIFICATION
[ ] Summons, Spanish summons & complaint, the language required by NRCRR 2900.2(e), (f) & (h) was set forth on the face of the summons(es)

On: TRINITY BORADCASTING OF NEW YORK, INC.
[ ] Defendant  [ ] Respondent  [ ] Witness (hereinafter called the recipient) therein named.

| INDIVIDUAL A [ ] VERIFICATION | By personally delivering to and leaving with said TRINITY BORADCASTING OF NEW YORK, INC. and that he knew the person so served to be the person mention and described in said SUMMONS, VERIFIED COMPLAINT, VERIFICATION |
|---|---|

| CORPORATION B [X] | By delivering to and leaving with RACHEL ORTIZ at 111 EAST 15TH STREET  NEW YORK NY  100## and that he knew the person so served to be the MANAGING AGENT _____ of the corporation. |
|---|---|

| SUITABLE AGE PERSON C [ ] | Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person: By delivering a true copy thereof to and leaving with _____ a person of suitable age and discretion at _____ the said premises being the recipient's [ ] Dwelling/Usual place of abode [X] Actual place of business within the State of New York. |
|---|---|

| AFFIXING TO DOOR, ETC. D [ ] | By affixing a true copy thereof to the door of said premises, the same being the recipient's [ ] Dwelling/Usual place of abode [X] Actual place of business within the State of New York. Deponent had previously attempted to serve the above named recipient on/at:  1. _____  2. _____  3. _____ Deponent spoke with _____ who stated to deponent that the said recipient(s) lived at the aforementioned address, but did not know recipient's place of employment. |
|---|---|

| MAILING TO RESIDENCE E1 [ ] Use with C or D | Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient to recipient's last known residence at _____ and deposited said envelope in an official repository under the exclusive care and custody of the US Postal Service within New York State on _____ . |
|---|---|

| MAILING TO BUSINESS E2 [ ] Use with C or D | Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient to recipient's actual place of business at _____ in an official repository under the exclusive care an custody of the US Postal Service within New York State. The envelope bore the legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication was from an attorney or concerned an action against the recipient and mailed o _____ . |
|---|---|

| F [X] | DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS. DESCRIPTION OF THE RECIPIENT OR OTHER PERSON SERVED OR SPOKEN TO ON BEHALF OF THE RECIPIENT IS AS: |
|---|---|

| VOID WITHOUT DESCRIPTION Use with A,B,C,D | [ ] Male | [X] White Skin | [X] Black Hair | [ ] White Hair | [ ] 14 - 20 Yrs. | [ ] Under 5' | [ ] Under 100 Lbs. |
|---|---|---|---|---|---|---|---|
| | [X] Female | [ ] Black Skin | [ ] Brown Hair | [ ] Balding | [ ] 21 - 35 Yrs. | [ ] 5'0" - 5'3" | [ ] 100 - 130 Lbs. |
| | | [ ] Yellow Skin | [ ] Blonde Hair | [ ] Moustache | [X] 36 - 50 Yrs. | [X] 5'4" - 5'8" | [ ] 131 - 160 Lbs. |
| | | [ ] Brown Skin | [ ] Gray Hair | [ ] Beard | [ ] 51 - 65 Yrs. | [ ] 5'9" - 6'0" | [X] 161 - 200 Lbs. |
| | | [ ] Red Skin | [ ] Red Hair | [ ] Glasses | [ ] Over 65 Yrs. | [ ] Over 6' | [ ] Over 200 Lbs. |
| | Other identifying features: | | | | | | |

NEW YORK
COUNTY CLERK'S OFFICE

| WITNESS FEE G [ ] | Witness fee of $0  the authorizing traveling expenses and one day's witness fee: [ ] was paid (tendered) to the recipient  [ ] was mailed to the witness with subpoena copy. |
|---|---|

AUG 2 6 2009

| MILITARY SERVICE [X] | I asked the person spoken to whether defendant was in active military service of the United States or of the state of New York in any capacity whatsoever and received a negative reply. Defendant wore civilian clothes and no military uniform. The source of my information and the grounds of my belief are the conversations and observations above narrated. |
|---|---|

VERIFIED COPY FILED

Subscribed and Sworn to me this

29 ___ day of July ____2009___

Notary Signature: _Jackeline Gonzalez_

JACKELINE GONZALEZ
Name of Notary NOTARY PUBLIC OF NEW JERSEY Commission Expiration
My Commission Expires Dec. 7, 2010

NB

I, MALGORZATA SLADEK,
was at the time of service a competent adult
not having a direct interest in the litigation.
I declare under penalty of perjury that the
foregoing is true and correct.

_____  7/29/2009
Signature of Process Server        Date

1202911

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

AMERICAN TOWER MANAGEMENT,
LLC,

              Plaintiff,

-against-

TRINITY BROADCASTING OF NEW
YORK, INC. and TRINITY
BROADCASTING NETWORK, INC.,

              Defendants.

---

Index No: 09/110100

**AMENDED VERIFIED COMPLAINT**

NEW YORK
COUNTY CLERK'S OFFICE

AUG 2 6 2009

NOT COMPARED
WITH COPY FILED

      Plaintiff, American Tower Management, LLC, successor in interest to Five States Tower Company, Inc. ("American Tower" or "Plaintiff"), by way of Amended Verified Complaint against the defendants, Trinity Broadcasting of New York, Inc. ("Trinity New York") and Trinity Broadcasting Network, Inc. ("Trinity Broadcasting") (collectively "Defendants"), by its attorneys, McElroy, Deutsch, Mulvaney & Carpenter, LLP, says:

## THE PARTIES

      1.    American Tower is a corporation organized under the laws of the State of Delaware, has its principal place of business located at 116 Huntington Avenue, Boston, Massachusetts 02116, and is authorized to transact business in New York. American Tower is the successor in interest to Five States Tower Company, Inc. ("Five States").

      2.    Upon information and belief, Trinity New York is a corporation organized under the laws of the State of Delaware and has its principal place of business located at 11 Merritt Boulevard, Fishkill, New York 12524.

3.      Upon information and belief, Trinity Broadcasting is a corporation organized under the laws of the State of California and has its principal place of business located at 2442 Michelle Drive, Tustin, California 92780.

## FACTS COMMON TO ALL COUNTS

4.      On July 14, 1982, Five States and Trinity New York entered into a Lease Agreement ("Lease") pursuant to which Trinity New York agreed to lease floor space in Plaintiff's transmitter building and tower space located on its antenna tower in order to conduct its broadcasting operations. The leased property is located at 1040 Reservoir Road, Highland, New York 12528 ("Site" or "Property").

5.      The term of the Lease is thirty (30) years commencing on July 12, 1982 and expiring on July 11, 2012, without any right of early termination by the lessee.

6.      Section 4 of the Lease provides that Trinity New York shall pay to Plaintiff annual rent in the amount of $35,000.00.  The Lease further provides that commencing one year following the commencement date (or July 12, 1983) and for each year thereafter, the annual base rent shall be the greater of (1) $35,000.00 and (2) an amount equal to $35,000.00 multiplied by a fraction, the numerator of which is the Consumer Price Index for the most recent month prior to such year that has been published and the denominator of which is the Consumer Price Index for the month in which the lease term commences.  Notwithstanding the foregoing, the annual rent under the Lease during any year of its term shall not be less than the annual rent of the prior year.

7.      The Lease provides that throughout the term of the Lease, Trinity New York is responsible for, among other things, payment of the rental amounts set forth in section 4 of the

2

Lease as well as fifty percent (50%) of the costs of all repairs and maintenance to the Site and fifty percent (50%) of all taxes and assessments payable on the Property pursuant to sections 6 and 19 of the Lease.

8.      By Guaranty dated July 14, 1982 ("Guaranty"), Trinity Broadcasting guaranteed payment of rent and the performance of all other obligations under the Lease.

9.      American Tower performed in good faith all of its obligations under the Lease.

10.     However, Trinity New York and Trinity Broadcasting have breached the Lease and Guaranty by failing to remit payment of the sums due and owing to American Tower. Defendants are jointly and severally liable for all payments and other obligations under the Lease for the entirety of its term.  Accordingly, the sum of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, are due and owing from Defendants to American Tower.

11.     Plaintiff provided multiple written notices to Defendants of their default of the Lease, but despite repeated demands for payment, Defendants have inexplicably, in bad faith and willfully refused to make payment to Plaintiff.

## AS AND FOR THE FIRST CAUSE OF ACTION
### (Breach of Contract)

12.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 11 as if set forth at length herein.

13.     Plaintiff performed all of its obligations under its valid, binding and enforceable Lease with Trinity New York.

3

14.     However, Defendants breached their obligations under the Lease and Guaranty by failing to pay Plaintiff the sums due and owing thereunder.

15.     Plaintiff notified Defendants of their breach of the Lease and Guaranty, but Defendants have failed and refused to remedy said breach, and have since abandoned the Property.

16.     Defendants are jointly and severally liable for all payments and other obligations under the Lease for the entirety of its term.  Accordingly, the sum of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, are due and owing from Defendants to American Tower.

**AS AND FOR THE SECOND CAUSE OF ACTION**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

17.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 16 as if set forth at length herein.

18.     Implied in every contract is the covenant of good faith and fair dealing.

19.     Defendants unlawfully and in bad faith destroyed Plaintiff's economic expectations under the Lease and Guaranty by willfully failing and refusing to make payment thereunder to Plaintiff.

**AS AND FOR THE THIRD CAUSE OF ACTION**
**(Unjust Enrichment)**

20.     Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 19 as if set forth at length herein.

21.     Defendants, by failing and refusing to pay the monies due and owing to Plaintiff

4

but benefiting from conducting their operations from the Site, have been unjustly enriched to Plaintiff's detriment.

## AS AND FOR THE FOURTH CAUSE OF ACTION
### (Promissory Estoppel)

22.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 21 as if set forth at length herein.

23.   In entering into the Lease, Defendants promised and agreed to make payment of all amounts due and owing thereunder.

24.   In reliance upon Defendants' representations and promises in that regard, Plaintiff entered into the Lease and performed all of its obligations thereunder.

25.   Despite Defendants' promise to pay the full agreed-upon consideration under the Lease, they have failed and/or refused to make full payment to Plaintiff.

26.   Defendants are jointly and severally liable for all payments and other obligations under the Lease and Guaranty for the entirety of their term.  Accordingly, the sum of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, is due and owing from Defendants to American Tower.

## AS AND FOR THE FIFTH CAUSE OF ACTION
### (Declaratory Judgment)

27.   Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 26 as if set forth at length herein.

28.   Plaintiff performed all of its obligations under its valid, binding and enforceable Lease with Trinity New York.

29.     However, Defendants breached their obligations under the Lease and Guaranty by failing to pay Plaintiff the sums due and owing thereunder.

30.     Upon information and belief, Defendant has abandoned the Site in violation of the Lease.

31.     Defendants are jointly and severally liable for all payments and other obligations under the Lease and Guaranty for the entirety of their term.  Accordingly, the sum of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, are due and owing from Defendants to American Tower.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, in the First Cause of Action, Second Cause of Action, Third Cause of Action and Fourth Cause of Action in the amount of at least $356,234.43, plus the annual rent escalator, 50% of the costs of all repairs and maintenance to the Site and 50% of all taxes and assessments payable on the Property pursuant to sections 4, 6 and 19 of the Lease, respectively, plus pre- and post-Judgment interest, costs, disbursements, attorney's fees and such further relief as the Court may deem just and equitable, the exact amount to be proved at trial.  Plaintiff further demands judgment against Defendants, jointly and severally, in the Fifth Cause of Action declaring that Defendants are responsible to perform and fulfill all of their duties and obligations, financial or otherwise, under the Lease and Guaranty for the entirety of their term, plus an award to Plaintiff of pre- and post-Judgment interest, costs, disbursements, attorney's fees and such further relief as the Court may deem just and equitable, the exact amount to be proved at trial.

6

Dated: August 7, 2009       By:
      New York, N.Y.

WILLIAM N. AUMENTA, ESQ.
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
*Attorneys for Plaintiff*
Wall Street Plaza
88 Pine Street
24th Floor
New York, N.Y. 10005
(212) 483-9490

-and-

1300 Mt. Kemble Avenue
P.O. Box 2075
Morristown, N.J. 07962
(973) 993-8100

7

## VERIFICATION

I, WILLIAM N. AUMENTA, ESQ., an attorney duly admitted to practice law in the Courts of the State of New York, affirms the following under the penalties of perjury:

1.      I am an attorney at the law firm of McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys for the plaintiff in the above-captioned action.  I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to my own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

2.      I further state that the source of the foregoing information and the grounds of belief as to all matters therein not stated upon my knowledge are conversations had with the plaintiff's representative and review of documents and information relating to this matter.

3.      I further state that the reason why this verification is made by me and not by the plaintiff is that the plaintiff is not located in the County where affirmant has his office.

Dated: August 7, 2009

WILLIAM N. AUMENTA, ESQ.

8

# EXHIBIT C

## William Aumenta

**Subject:** FW: American Tower/Trinity

**From:** John Casoria [mailto:JBCasoria@tbn.org]
**Sent:** Monday, August 10, 2009 1:03 PM
**To:** William Aumenta
**Subject:** Re: American Tower/Trinity

Your timing was fine, I have just returned to the office today.

Please forward the amended complaint to me, (by email is fine). I will accept service.

In regard to settlement, my client is not willing to bid against itself.... What exactly is your clients new demand, if not the $116K in the orignial complaint?



**JOHN B. CASORIA**
Special Operations Group
Trinity Broadcasting Network
2442 Michelle Drive
Tustin, CA 92679
(714) 665-2102 (direct)
(714) 665-2168 (fax)
(949) 636-6159 (cell)
JBCasoria@TBN.org

CONFIDENTIALITY NOTICE: This e-mail and any attachments to it may contain confidential information that is legally privileged. It is not the sender to conduct a transaction by electronic means, and any such intention or agreement is hereby expressly disclaimed. If you are not the in prohibited. If you receive this e-mail in error, delete and destroy the original with its attachments without reading or saving in any manner and im VIRUS NOTIFICATION: Our computer system is equipped with a virus scanner. However, no warranty is made that this material is free from co IRS CIRCULAR 230 DISCLOSURE: This communication is not intended or written by the sender to be used for the purpose of avoiding penaltie under the United States federal tax laws.

William Aumenta <waumenta@mdmc-law.com>

08/07/2009 01:12 PM

To 'John Casoria' <JBCasoria@tbn.org>

cc

Subject American Tower/Trinity

# EXHIBIT D

## William Aumenta

**From:** William Aumenta

**Sent:** Tuesday, September 22, 2009 12:34 PM

**To:** 'lmargolin@bracken-margolin.com'

**Subject:** American Tower v. Trinity, et al.

Linda,

It was a pleasure speaking with you moments ago.  Pursuant to your request, attached are the service affidavits for each of your clients - as you'll see, they were both personally served with the Complaint in July.  Accordingly, we are of the opinion that your September 1st removal was improper and that the matter should be remanded. Please advise us of your position and whether you will consent to remand without formal motion practice. Thanks.

Bill

William N. Aumenta, Esq.
**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962-2075
(973) 993-8100 - *Main Telephone No.*
(973) 425-4172 - *Direct Telephone No.*
(973) 425-0161 - *Facsimile*

   **THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE.**  This message may be an attorney-client communication, and as such is privileged and confidential.  If the reader of this message is not the intended recipient or any agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.  Thank you.

   Circular 230 requires that we notify you that, in the absence of written advice that strictly complies with such rules, you cannot rely on advice given to you relating to any Internal Revenue Code matter for protection against a tax penalty. This notice is neither intended to be used for the purpose of avoiding any tax penalty nor can it be relied on in support of any marketed transaction. It is our intention to continue to deliver the highest quality services to you and in a cost efficient manner. Please call us if you have and questions about how the Circular may affect our representation of you.

COUNTY OF: NEW YORK  ATTORNEY: WILLIAM N. AUMENTA, ESQ.

| AMERICAN TOWER MANAGEMENT, INC. | Petitioner(s) | AFFIDAVIT |
| - against - | Plaintiff(s) | OF SERVICE |
| TRINITY BROADCASTING OF NEW YORK, INC., ET AL | Respondent(s) | |
| | Defendant(s) | INDEX# |
| | | 09 110100 |

STATE OF: NEW JERSEY - COUNTY OF: UNION ss:

I, MALGORZATA SLADEK, being duly sworn deposes and says deponent is not a party to this action, is over the age of 18 and resides in ___NY___
That on date/time: 07/29/2009  05:18PM , at 111 EAST 15TH STREET  NEW YORK  NY  100##
deponent served the within: SUMMONS, VERIFIED COMPLAINT, VERIFICATION
[ ] Summons, Spanish summons & complaint, the language required by NRCRR 2900.2(e), (f) & (h) was set forth on the face of the summons(es)

On: TRINITY BORADCASTING OF NEW YORK, INC.
[ ] Defendant  [ ] Respondent  [ ] Witness (hereinafter called the recipient) therein named.

**INDIVIDUAL**
**A** [ ]
**VERIFICATION**
By  personally delivering to and leaving with said TRINITY BORADCASTING OF NEW YORK, INC.
and that he knew the person so served to be the person mention and described in said SUMMONS, VERIFIED COMPLAINT,

**CORPORATION**
**B** [X]
By delivering to and leaving with RACHEL ORTIZ
at 111 EAST 15TH STREET  NEW YORK  NY  100##
and that he knew the person so served to be the MANAGING AGENT _____ of the corporation.

**SUITABLE**
**AGE PERSON**
**C** [ ]
Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:
By delivering a true copy thereof to and leaving with _____
a person of suitable age and discretion at _____
the said premises being the recipient's [ ] Dwelling/Usual place of abode [X] Actual place of business within the State of New York.

**AFFIXING TO**
**DOOR, ETC.**
**D** [ ]
By affixing a true copy thereof to the door of said premises, the same being the recipient's
[ ] Dwelling/Usual place of abode [X] Actual place of business within the State of New York. Deponent had previously attempted to serve
the above named recipient on/at:      1. _____ 2. _____ 3. _____
Deponent spoke with _____ who stated to deponent that the said recipient(s)
lived at the aforementioned address, but did not know recipient's place of employment.

**MAILING TO**
**RESIDENCE**
**E1** [ ]
Use with C or D
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient
to recipient's last known residence at _____
and deposited said envelope in an official repository under the exclusive care and custody of the US Postal Service
within New York State on ___ .

**MAILING TO**
**BUSINESS**
**E2** [ ]
Use with C or D
Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient
to recipient's actual place of business at _____
in an official repository under the exclusive care and custody of the US Postal Service within New York State. The envelope bore the
legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication
was from an attorney or concerned an action against the recipient and mailed o ___ .

**F** [X]
DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS.
DESCRIPTION OF THE RECIPIENT OR OTHER PERSON SERVED OR SPOKEN TO ON BEHALF OF THE RECIPIENT IS AS:

**VOID WITHOUT**
**DESCRIPTION**
Use with A,B,C,D

| [ ] Male | [X] White Skin | [X] Black Hair | [ ] White Hair | [ ] 14 - 20 Yrs. | [ ] Under 5' | [ ] Under 100 Lbs. |
| [X] Female | [ ] Black Skin | [ ] Brown Hair | [ ] Balding | [ ] 21 - 35 Yrs. | [ ] 5'0" - 5'3" | [ ] 100 - 130 Lbs. |
| | [ ] Yellow Skin | [ ] Blonde Hair | [ ] Moustache | [X] 36 - 50 Yrs. | [X] 5'4" - 5'8" | [ ] 131 - 160 Lbs. |
| | [ ] Brown Skin | [ ] Gray Hair | [ ] Beard | [ ] 51 - 65 Yrs. | [ ] 5'9" - 6'0" | [X] 161 - 200 Lbs. |
| | [ ] Red Skin | [ ] Red Hair | [ ] Glasses | [ ] Over 65 Yrs. | [ ] Over 6' | [ ] Over 200 Lbs. |

Other identifying features: _____

**WITNESS FEE**
**G** [ ]
Witness fee of $0  the authorizing traveling expenses and one day's witness fee:
[ ] was paid (tendered) to the recipient  [ ] was mailed to the witness with subpoena copy.      AUG 2 6 2009

**MILITARY**
**SERVICE**
[X]
I asked the person spoken to whether defendant was in active military service of the United States or of the state of New York in any
capacity whatsoever and received a negative reply. Defendant wore civilian clothes and no military uniform. The source of my
information and the grounds of my belief are the conversations and observations above narrated.      COPY FILED

Subscribed and Sworn to me this

29 _____ day of July _____ 2009

Notary Signature: _____

NB

JACKELINE GONZALEZ
Name of Notary NOTARY PUBLIC OF NEW JERSEY Commission Expiration
My Commission Expires Dec. 7, 2010

I, MALGORZATA SLADEK,
was at the time of service a competent adult
not having a direct interest in the litigation.
I declare under penalty of perjury that the
foregoing is true and correct.

_____  7/29/2009
Signature of Process Server      Date

1202911



_Supreme_ COURT OF THE ST.  CITY OF NEW YORK
COUNTY OF: __NEW YORK__ ATTORNEY: __WILLIAM N AUMENTA, ESQ__

| | | |
|---|---|---|
| AMERICAN TOWER MANAGEMENT INC<br>- against -<br>TRINITY BROADCASTING OF NEW YORK, INC., ET AL | Petitioner(s)<br>Plaintiff(s)<br>Respondent(s)<br>Defendant(s) | AFFIDAVIT<br>OF SERVICE<br><br>INDEX#<br>09 110100 |

STATE OF: __CALIFORNIA__ - COUNTY OF: __ORANGE__ ss:

I, __CARLOS LANGREN__ being duly sworn deposes and says deponent is not a party to this action, is over the age of 18 and resides in __ORANGE COUNTY__

That on date/time: __7/28/09, 1:21P__ at __2442 MICHELLE DR  TUSTIN CA 92782__
deponent served the within: __SUMMONS, VERIFIED COMPLAINT__

[ ] Summons, Spanish summons & complaint, the language required by NRCRR 2900.2(e), (f) & (h) are set forth on the face of the summons(es)

On: __TRINITY BROADCASTING NETWORK, INC.__

[X] Defendant  [ ] Respondent  [ ] Witness (hereinafter called the recipient) therein named.

| | | |
|---|---|---|
| INDIVIDUAL<br>A  [ ] | By personally delivering to and leaving with said TRINITY BROADCASTING NETWORK, INC<br>and that he knew the person so served to be the person mention and described in said SUMMONS, VERIFIED COMPLAINT | |
| CORPORATION<br>B  [X] | By delivering to and leaving with __LNDEAN GRAY__<br>at __2442 MICHELLE DR  TUSTIN, CA 92780__<br>and that he knew the person so served to be the __AUTHORIZED PERSON__ of the corporation. | |
| SUITABLE<br>AGE PERSON<br>C  [ ] | Service was made in the following manner after your deponent was unable with due diligence to serve the defendant in person:<br>By delivering a true copy thereof to and leaving with _____<br>a person of suitable age and discretion at _____<br>the said premises being the recipient's [ ] Dwelling/Usual place of abode [ ] Actual place of business within the State of New York. | |
| AFFIXING TO<br>DOOR, ETC.<br>D  [ ] | By affixing a true copy thereof to the door of said premises, the same being the recipient's<br>[ ] Dwelling/Usual place of abode [ ] Actual place of business within the State of New York. Deponent had previously attempted to serve<br>the above named recipient on/at:  1. _____ 2. _____ 3. _____<br>Deponent spoke with _____ who stated to deponent that the said recipient(s)<br>lived at the aforementioned address, but did not know recipient's place of employment. | |
| MAILING TO<br>RESIDENCE<br>E1  [ ]<br>Use with C or D | Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient<br>to recipient's last known residence at _____<br>and deposited said envelope in an official repository under the exclusive care and custody of the US Postal Service.<br>within New York State on _____. | |
| MAILING TO<br>BUSINESS<br>E2  [ ]<br>Use with C or D | Within 20 days of such delivery or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient<br>to recipient's actual place of business at _____<br>in an official repository under the exclusive care and custody of the US Postal Service within New York State. The envelope bore the<br>legend "Personal and Confidential" and did not indicate on the outside thereof, by return address or otherwise, that the communication<br>was from an attorney or concerned an action against the recipient and mailed on _____ | |
| F  [X] | DEPONENT STATES THAT THE INDEX # AND FILING DATE WERE CLEARLY VISIBLE ON THE SUMMONS.<br>DESCRIPTION OF THE RECIPIENT OR OTHER PERSON SERVED OR SPOKEN TO ON BEHALF OF THE RECIPIENT IS AS: | |

| VOID WITHOUT<br>DESCRIPTION<br>Use with A,B,C,D | [ ] Male<br>[X] Female | [X] White Skin<br>[ ] Black Skin<br>[ ] Yellow Skin<br>[ ] Brown Skin<br>[ ] Red Skin | [ ] Black Hair<br>[ ] Brown Hair<br>[ ] Blonde Hair<br>[ ] Gray Hair<br>[ ] Red Hair | [X] White Hair<br>[ ] Balding<br>[ ] Moustache<br>[ ] Beard<br>[ ] Glasses | [ ] 14 - 20 Yrs.<br>[ ] 21 - 35 Yrs.<br>[ ] 36 - 50 Yrs.<br>[ ] 51 - 65 Yrs.<br>[X] Over 65 Yrs. | [ ] Under 5'<br>[ ] 5'0" - 5'3"<br>[ ] 5'4" - 5'8"<br>[ ] 5'9" - 6'0"<br>[ ] Over 6' | [ ] Under 100 Lbs.<br>[X] 100 - 130 Lbs.<br>[ ] 131 - 160 Lbs.<br>[ ] 161 - 200 Lbs.<br>[ ] Over 200 Lbs. |
|---|---|---|---|---|---|---|---|

Other identifying features: __SITTING DOWN__

| | |
|---|---|
| WITNESS FEE<br>G  [ ] | Witness fee of $0  the authorizing traveling expenses and one day's witness fee:<br>[ ] was paid (tendered) to the recipient  [ ] was mailed to the witness with subpoena copy. |
| MILITARY<br>SERVICE<br>[X] | I asked the person spoken to whether defendant was in active military service of the United States or of the state of New York in any<br>capacity whatsoever and received a negative reply. Defendant wore civilian clothes and no military uniform. The source of my<br>information and the grounds of my belief are the conversations and observations above narrated. |

Subscribed and Sworn to me this

__29th__ day of __July__, 2009

Notary Signature: _____

__SHERRY M. DONALDSON__  Commission Expiration __Oct 8, 2009__
Name of Notary

__CARLOS LANGREN__
was at the time of service a competent adult
not having a direct interest in the litigation.
I declare under penalty of perjury that the
foregoing is true and correct.

_____  __7/29/09__
Signature of Process Server   Date

SHERRY M. DONALDSON
Commission # 1605653
Notary Public - California
Orange County
My Comm. Expires Oct 8, 2009

ZC