UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMERICAN TOWER MANAGEMENT, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> TRINITY BROADCASTING OF NEW YORK, INC. and TRINITY BROADCASTING NETWORK, INC.. | CIVIL ACTION NO. 09CV7586 <br><br> Hon. Richard J. Sullivan, U.S.D.J. <br> Hon. James C. Francis, IV, U.S.M.J. <br><br> Motion Return Date: October 21, 2009 |

**BRIEF OF PLAINTIFF, AMERICAN TOWER MANAGEMENT, LLC, IN SUPPORT OF ITS MOTION FOR REMAND PURSUANT TO 28 U.S.C. 1447(C)**

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, N.J. 07962-2075
Telephone: (973) 993-8100
Facsimile: (973) 425-0161
Attorneys for Plaintiff,
American Tower Management, LLC

## STATEMENT OF FACTS

On or about September 1, 2009, this action was improperly removed from the Supreme Court of New York, New York County, where it was initially instituted by plaintiff, American Tower Management, LLC ("Plaintiff"), against defendants, Trinity Broadcasting of New York, Inc. ("Trinity New York") and Trinity Broadcasting Network, Inc. ("Trinity Broadcasting") (collectively "Defendants"), bearing Index No. 09/110100 ("State Court Action"). This dispute arises out of the parties' Lease Agreement dated July 14, 1982 ("Lease"), pursuant to which Trinity New York agreed to lease floor space in Plaintiff's transmitter building and tower space located on its antenna tower in order to conduct its broadcasting operations. By Guaranty dated July 14, 1982, Trinity Broadcasting guaranteed payment of rent and the performance of all other obligations under the Lease. Defendants have breached their obligations under the Lease and Guaranty and, accordingly, owe the sum of $356,234.43 to Plaintiff.

On July 16, 2009, the Complaint in the State Court Action was filed against Defendants. The Complaint was served on Trinity Broadcasting and Trinity New York on July 28, 2009 and July 29, 2009, respectively. See, Certification of William N. Aumenta, Esq. ("Aumenta Cert."), Exhibit A. Accordingly, if removal was to occur, it had to have been filed within thirty (30) days of service of the initial pleading (the Complaint), or by no later than August 27, 2009. On August 26, 2009, an Amended Complaint was filed in the State Court Action. See, Aumenta Cert., Exhibit B. Defendants' General Counsel, John B. Casoria, Esq., accepted service of the Amended Complaint by e-mail on behalf of both Defendants. See, Aumenta Cert., Exhibit C. The Amended Complaint did not add any additional parties, but only clarified the measure of damages and included a new cause of action for declaratory relief.

On or about September 1, 2009, Trinity Broadcasting filed an untimely Notice of Removal pursuant to 28 U.S.C. 1441(b). In its application, the defendant relied upon the Amended Complaint (not the original Complaint) and erroneously stated that, "[t]o the best of Defendant's knowledge, service of process on Defendant Trinity Broadcasting of New York, Inc. has not been effected as of the date hereof." See, Notice of Removal, ¶ 2. By e-mail dated September 22, 2009, Plaintiff's counsel forwarded the Affidavits of Service to defense counsel in order to demonstrate that both Defendants were served with the Complaint in late-July. See, Aumenta Cert., Exhibit D. Accordingly, Plaintiff requested Defendants' consent to remand without formal motion practice. No response to the email has been received. A request for pre-motion conference and this motion followed.

## LEGAL ARGUMENT

### PLAINTIFF'S MOTION FOR REMAND PURSUANT TO 28 U.S.C. 1447(c) SHOULD BE GRANTED AS A MATTER OF LAW

**I.  Defendant's Removal Was Untimely Pursuant To 28 U.S.C. 1446(b)**

The procedure for removal of State court actions to Federal court is governed by 28 U.S.C. 1446, which provides, in pertinent part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The removal statute is to be construed narrowly against removal. Shoemaker v. GAF Corp., 814 F.Supp. 495 (W.D.Va.1993); Perez v. General Packer, Inc., 790 F.Supp. 1464

(C.D.Cal. 1992). A defendant who is served simultaneously with a Summons and Complaint must file any notice of removal within thirty (30) days of receiving those documents. Thomas v. Baldwin, 189 F.Supp.2d 1, 2 (E.D.N.Y. 2002). This thirty-day filing period, "while not jurisdictional, is mandatory and failure to comply with it will defeat a defendant's removal petition." Id. (citations omitted). In Thomas v. Baldwin, the Court granted plaintiff's motion for remand where the defendants filed their removal petition thirty-two (32) days after being served with the Summons and Complaint. Id.

The matter at hand is strikingly similar to the situation in Thomas and, respectfully, warrants the same result. Here, the initial pleading (the Complaint) was filed in the State Court Action on July 16, 2009. The Complaint was served on Trinity Broadcasting and Trinity New York on July 28, 2009 and July 29, 2009, respectively. Accordingly, if removal was to occur, it had to have been filed within thirty (30) days of service of the Complaint, or by no later than August 27, 2009. It was not until thirty-four (34) days after service of the Summons and Complaint, on September 1, 2009, that Trinity Broadcasting filed its Notice of Removal. As such, the removal was untimely.

In situations such as this, relief takes the form of remand pursuant to 28 U.S.C. 1447, which provides at section (c):

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). . .An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

In light of the patent deficiencies in defendant's removal, Plaintiff respectfully submits that the motion should be granted. Notably, prior to making this motion, by e-mail dated September 22, 2009, Plaintiff's counsel forwarded the Affidavits of Service to defense counsel in

3

order to demonstrate that both Defendants were served with the Complaint in late-July. See, Aumenta Cert., Exhibit D. Accordingly, Plaintiff requested defendant's consent to remand without formal motion practice. No response to the email was received and, thus, Plaintiff was left with no choice but to file the instant motion. Under the circumstances, Plaintiff respectfully requests that the Court grant the motion, including an award of the reasonable attorney's fees and costs incurred as a result of the removal including, but not limited to, the fees and costs incurred in connection with the preparation, filing, service and argument of the submissions made in connection with Plaintiff's motion.

It should also be noted that Trinity New York was not joined in the removal application. Notwithstanding the impropriety of the remand as a whole, the State Court Action is still pending as against Trinity New York. Respectfully, the litigation of duplicative actions in different fora is highly disfavored as it results in a colossal waste of resources, undermines basic notions of fairness and judicial economy, and could potentially lead to inconsistent results. Accordingly, even if the removal was proper (which clearly it was not), the matter should still be remanded to the New York Supreme Court, New York County.

## CONCLUSION

For the foregoing reasons and authority, Plaintiff respectfully requests that the Court grant its motion in its entirety.

**McElroy, Deutsch, Mulvaney & Carpenter, LLP**
Attorneys for Plaintiff,
American Tower Management, LLC

By: /s/ Joshua R. Pini, Esq.
Joshua R. Pini, Esq. (JP9548)

Dated: September 30, 2009

4